REDMANN, Judge
(dissenting).
I believe this is not a case of conflict in testimony. Plaintiff’s witness had little knowledge of defendant’s difficulties with the merchandise purchased, and certainly does not contradict defendant’s testimony that the metal bed frame shortly broke and defendant was told by the vendor’s employee it would have to be welded or replaced. Even at trial, defendaiit testified, the frame was still in the condition of having to be supported on bricks and held together with wire.
Defendant’s expression of being satisfied related to the replaced headboard and not to the frame, and the check he gave, he testified, was a postdated one at the time he was hoping to get his cracked headboard replaced; he gave the check because the vendor refused to do anything about his situation unless he made some further “payment”.
I do not consider the sale of a bed like a building contract, where only substantial performance need be shown for recovery, and defendant would have the burden of showing the cost of correcting defects.
Here the vendor sold for one indivisible price a complete bed (except the headboard) and delivered a defective bed which it declined to repair. Until the vendor satisfactorily repairs or replaces the bedframe it should not recover; or at most it should show the price of a new frame and reduce its claim by that amount. (The headboard has been more than paid for by the two payments defendant made.)
In my opinion the judgment appealed from should be reversed.